# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**CORNELIUS JOHNSON AND**
**JAMES STRICKLAND,**

        **Plaintiffs,**　　　　　**CASE NO.:  1:22-CV-1852**

**vs.**

**LAZER SPOT, INC., A**
**GEORGIA CORPORATION**
        **Defendant.**
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, CORNELIUS JOHNSON AND JAMES STRICKLAND, sues the Defendant, LAZER SPOT, INC., ("Defendant") a Georgia Corporation, and alleges:

1. Plaintiffs were employees of Defendant and bring this action for unpaid overtime compensation, liquidated damages, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATION

2. Plaintiff JOHNSON worked for Defendant from approximately February 2019 to March 2022, and Plaintiff STRICKLAND worked for Defendant

from May 15, 2021 until September 2022.

3. At all times, Plaintiffs were merely paid by the hour by Defendant.

4. Defendant, LAZER SPOT, INC., is a "yard management" provider with over 400 sites in the United States and Canada. See www.lazerspot.com.

5. Defendant's headquarters and principal place of business is in Alpharetta, Georgia, which is in Fulton County, Georgia and within the jurisdiction of this Court.

6. This action is brought under the FLSA to recover from Defendant unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. §1331 and the FLSA.

8. During Plaintiffs' employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

9. During Plaintiffs' employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce, including computers, vehicles, office equipment, telephones and other items.

## **FLSA VIOLATIONS**

10. At all times relevant to this action, Defendant has failed to comply with the FLSA by failing to pay each Plaintiff complete overtime compensation.

11. During Plaintiffs' employment with Defendant, Plaintiffs were paid their regular hourly rate for all overtime hours worked.

12. Defendant classified Plaintiffs as exempt pursuant to the motor carrier exemption contained in the FLSA.

13. However, during their employment with Defendant, Plaintiff did not move vehicles or trucks on public roads, and as such, would not be exempt under the motor carrier exemption.

14. Since Plaintiffs are actually non-exempt employees, Defendant has violated the FLSA due to its above-described pay practices in failing to pay the Plaintiffs time and one-half of their hourly rate for overtime hours worked.

15. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiffs are in the possession and custody of Defendant.

## COUNT I – RECOVERY OF OVERTIME WAGES

16. Plaintiffs reincorporate and readopt all allegations contained in paragraphs (1) through (16) above.

17. Plaintiffs were entitled to be paid overtime compensation for overtime hours worked.

18. During their employment with Defendant, Plaintiffs worked overtime hours but were only paid their regular hourly rate instead of time and one-half of their hourly rate for those overtime hours worked.

19. Defendant did not have a good faith basis for their decision to not pay Plaintiffs complete and proper overtime compensation for overtime hours worked.

20. Because of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiffs proper compensation, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

21. Because of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

22. Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiffs, CORNELIUS JOHNSON and JAMES

STRICKLAND, demand judgment against Defendant for unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Dated this 7th day of October, 2022.

/s/ **C. RYAN MORGAN**
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave, 15th Floor
Orlando, FL 32801
***MAILING ADDRESS:***
***P.O. Box 530244***
***Atlanta, GA 30353-0244***
T: (407) 420-1414
F: (407) 245-3401
E: RMorgan@forthepeople.com
***Attorney for Plaintiff***